THE STATE OF IOWA, Appellant, v. CHARLES HARPER, Appellee.

Seduction: EVIDENCE: TAKING CASE FROM JURY. Where, in a criminal prosecution for seduction, the court, on its own motion, upon the conclusion of the testimony of the prosecutrix, but before the state had rested its case, took the case from the jury for the reason that the evidence did not show a seduction, *held*, that proof of seduction not being necessarily confined to the testimony of the prosecutrix, the state should have been permitted to introduce all its evidence.

*Appeal from Mahaska District Court.*—Hon. A. R. Dewey, Judge.

Monday, May 15, 1893.

The defendant was indicted and put upon trial on the charge of having seduced one Alice Wignall. Judgment was rendered as follows: "At the conclusion of the evidence on the part of the prosecutrix the court arrests further proceedings in this case for the reason that the evidence shows no seduction. It is therefore ordered by the court that the said jury be discharged, and it is further ordered that the defendant be discharged, and the sureties on his bond be released." To the rulings of the court the plaintiff at the time excepted. The state appeals.—*Reversed.*

*Byron W. Preston,* for the State.

No appearance for appellee.

Given, J.—I. It appears from the record that at the conclusion of the testimony given by the prosecutrix, and before the state had rested, the court, on its own motion, arrested further proceedings, and entered judgment as stated above. It is contended that this action of the court was erroneous for two reasons, namely, that the state had not yet introduced all its testimony, and rested, and that there was such evidence of seduction that the case should have been left with the jury. The court, in taking the case from the jury before the state rested, must have acted upon the conclusion that the state could not produce other evidence of seduction than that given by the prosecutrix herself. While such is ordinarily the case, it is not necessarily so, and the freedom with which the defendant talked with the witness Burk on this subject indicates that the state may possibly have had other evidence to show the

use of seductive arts.    We think the state should have been permitted to introduce all its evidence.

It is not necessary that we set out or discuss the evidence.   It is sufficient to say that, in view of the mature years and experience of the defendant, and the tender years and inexperience of the prosecutrix, and her statements of what was said and done, the question of seduction should have been submitted to the jury, with proper instructions.   REVERSED.